**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

GEORGE SCRITCHFIELD and CYNTHIA SCRITCHFIELD, JT TEN/WROS., on behalf of themselves and all others similarly situated,

Plaintiff,

vs.

DAVID R. PAOLO and KENNETH M. CORNELL,

Defendant.

C.A. No. 01-550 S

**MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND**

**PLEASE TAKE NOTICE,** that, upon the annexed affidavit of Steven J. Cirami, of The Garden City Group, Inc., the Claims Administrator, and the accompanying memorandum of law, and upon all prior proceedings herein, the undersigned hereby move this Court for an Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (i) approving the administrative determinations of The Garden City Group, Inc. accepting and rejecting claims submitted herein; (ii) directing payment of $70,002.62 out of the Settlement Fund to The Garden City Group, Inc. for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the administration and taxation of the Settlement Fund; (iii) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted; (iv) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund; and (v) for such other and further relief as this Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order in the form of the proposed Order Re: Distribution of Class Settlement Fund annexed hereto as Exhibit A.

Dated: Providence, Rhode Island
June 13, 2005

Respectfully Submitted,

Barry J. Kusinitz (No. 1404)
155 South Main Street, Suite 405
Providence, Rhode Island 02903
(401) 831-4200

**Liaison Counsel for Plaintiffs**

Deborah Clark-Weintarub, Esq.
Kirk E. Chapman, Esq.
**MILBERG WEISS BERSHAD & SCHULMAN LLP**
One Pennsylvania Plaza
New York, New York 10119
(212) 594-5300

**Lead Counsel for Plaintiffs**

Gregory M. Nespole, Esq.
Katherine B. DuBose, Esq.
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
(212) 545-4600

Stuart L. Berman, Esq.
Michael K. Yarnoff, Esq.
**SCHIFFRIN & BARROWAY, LLP**
Three Bala Plaza East, Suite 500
Bala Cynwyd, Pennsylvania 19004
(610) 667-7706

**Members of Plaintiffs' Executive Committee**

**Certification**

I hereby certify that I sent a copy of the foregoing to Jeffrey C. Schreck, Esq., One Providence Washington Plaza, Fifth Floor, Providence, RI 02903 and Gregg Shapiro, Esq., Mitchell Kaplan, Esq., Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, MA 02109; by regular mail, postage prepaid, on this 13th day of June, 2005.

***EXHIBIT A***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GEORGE SCRITCHFIELD and CYNTHIA SCRITCHFIELD, JT TEN/WROS., on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID R. PAOLO and KENNETH M. CORNELL,<br><br>Defendant. | C.A. No. 01-550 S |

**ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUND**

**WHEREAS**, on August 12, 2004, this Court entered an Order and Final Judgment approving the terms of the Amended Stipulation and Agreement of Settlement dated April 19, 2004 (the "Stipulation") and the Plan of Allocation; and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulation and the Plan of Allocation; and

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE**, upon reading and filing the affidavit of Steven J. Cirami, of The Garden City Group, Inc., the Claims Administrator, and the memorandum of law, and upon all prior proceedings heretofore had herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of Steven J. Cirami, including claims submitted after September 2, 2004 up until May 13, 2005, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of Steven J. Cirami be and the same hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that The Garden City Group, Inc. be paid the sum of $70,002.62 from the Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the administration, taxation and disbursement of the Settlement Fund; and it is further

**ORDERED**, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of Steven J. Cirami in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout; and it is further

**ORDERED**, that the payments to be distributed to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to eligible claimants and after reasonable and diligent efforts have been made to have the eligible claimants cash their distributions, Plaintiffs' Lead Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid distributions or otherwise, to eligible claimants who have cashed their distributions, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Lead Counsel; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the

initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

**ORDERED**, that no claim submitted after May 13, 2005 may be accepted for any reason whatsoever.

Dated: Providence, Rhode Island
_______________, 2005

**BY THE COURT:**

_____________________________
United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GEORGE SCRITCHFIELD and CYNTHIA SCRITCHFIELD, JT TEN/WROS., on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID R. PAOLO and KENNETH M. CORNELL,<br><br>Defendant. | C.A. No. 01-550 S |

**PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND**

Milberg Weiss Bershad & Schulman LLP, court-appointed Plaintiffs' Lead Counsel, on behalf of Lead Plaintiffs George Stritchfield and Cynthia Stritchfield, JT TEN/WROS, The Cuccio Family Trust, and Frederick J. Massimi, Sr., respectfully move the Court for an Order: (i) approving the administrative determinations of The Garden City Group, Inc. accepting and rejecting claims submitted herein; (ii) directing payment of $70,002.62 out of the Settlement Fund to The Garden City Group, Inc. for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the administration and taxation of the Settlement Fund; (iii) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted; (iv) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund; and (v) for such other and further relief as this Court deems appropriate.

Plaintiffs' Lead Counsel file the within Motion pursuant to paragraph 9 of the Amended Stipulation of Settlement dated April 19, 2004, which requires Plaintiffs' Co-Lead Counsel to apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Clams Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

## BACKGROUND

On April 19, 2004, Lead Plaintiffs and Defendants David R. Paolo and Kenneth M. Cornell ("Defendants"), entered an Amended Stipulation and Agreement of Settlement (the "Stipulation"). The Stipulation provided for the settlement of this action on behalf of a Class consisting of all persons or entities who purchased or otherwise acquired the common stock of Log On America, Inc. ("LOA") between April 22, 1999 and November 20, 2000, inclusive (the "Class Period").

A Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") was mailed to all Class Members pursuant to the Preliminary Order in Connection with Settlement Proceedings, dated November 26, 2003 (the "Preliminary Order"),.

On August 11, 2004, the Court held a hearing to consider the proposed settlement, at which hearing the Court approved the proposed settlement as fair, reasonable, and adequate, and dismissed this action as against the Defendants, and directed the parties to consummate the Stipulation in accordance with its terms and provisions.

Pursuant to the Court's Preliminary Order, Plaintiffs' Co-Lead Counsel retained The Garden City Group, Inc. ("GCG"), a firm specializing in the administration of class action settlements located in Larkspur, California, to print and mail copies of the Notice and a Proof of Claim form to the members of the Class, to publish a summary notice, to process the Proof of Claim forms submitted by Class Members, and to effectuate distribution of the Net Settlement Fund to the Class Members who submitted acceptable Proofs of Claim.

## CLAIMS ADMINISTRATION

Under the terms of the Stipulation, a $950,000 Settlement Fund was established for the settlement of the class claims asserted against the Defendants. In addition, Defendants paid an additional $50,000 for notice and administrative costs. Pursuant to the Stipulation and the Notice, all Class Members wishing to participate in the Settlement Fund were required to submit Proofs of Claims by mail, postmarked on or before September 2, 2004. As demonstrated by the accompanying Affidavit of Steven J. Cirami in Support of Motion for Distribution of Class Settlement Fund (the "Cirami Affidavit"), GCG received and reviewed all submitted claims and, to the extent that a claim was deficient in any regard, GCG notified the claimant of the deficiency and advised the claimant as to the possible ways to cure the deficiency. Where a [new] claimant failed to cure a defective claim after notice, or where the claim showed that the claimant was not entitled to receive a share of the Net Settlement Fund, GCG notified the claimant of the rejection of the claim and provided the claimant with notice of the method for the claimant to request this Court's review of GCG's administrative determination rejecting the claim. Copies of sample deficiency and rejection letters are attached as Exhibits to the Cirami Affidavit. See Cirami Aff. at ¶¶ 4-6.

Pursuant to paragraph 15(e) of the Stipulation, all rejection letters specifically provided that a claimant had the right, within twenty days after the mailing of the rejection, to contest the rejection and request a hearing before the Court. No claimants have outstanding requests for this Court's review of the rejection of their claims.

Approximately 15 accepted claims were received after the September 2, 2004 submission deadline. No claim has been rejected because it was received after the initial submission deadline and we believe no delay has resulted from the acceptance of these claims. It is our belief that when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while the claims were still being processed. Accordingly, it is respectfully requested that this Court approve the administrative determination not to reject claims submitted after the September 2, 2004 deadline because of lateness.

However, there must be a final cut-off after which no more claims may be accepted in order that there may be a proportional distribution of the Net Settlement Fund. Acceptance of any claim received after preparation of this application would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court enter an Order directing that no claim submitted after May 13, 2005, a date during the preparation of this application, be accepted for any reason whatsoever. See In re Orthopedic Bone Screw Prod. Liab. Lit., 246 F.3d 315, 329 (3rd Cir. 2001) ("There is no question that in the distribution of a large class settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'") (citations omitted).

It is respectfully requested that the Court approve the administrative actions accepting and rejecting claims as set forth herein.

**FEES AND EXPENSES OF CLAIMS ADMINISTRATOR AND TAX ACCOUTANT**

Pursuant to the Stipulation, and as described to members of the Settlement Class in the Notice, Plaintiffs reserved the right to apply for a supplemental award of fees and expenses incurred in connection with the administration and distribution of the Settlement. In addition, in this Court's Order and Final Judgment dated August 12, 2004 (the "Final Order"), the Court retained exclusive jurisdiction "over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and [the] Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class."

Plaintiffs request that the Court authorize payment of $70,002.62 to GCG in payment of the balance of its fees and expenses for its services in mailing and publishing notice to the Settlement Class, processing the claims and distributing the Net Settlement Fund to accepted claimants, as requested in the Cirami Affidavit.

**DISTRIBUTION OF NET SETTLEMENT FUND**

It is also respectfully requested that the Court enter an Order authorizing distribution of the balance of the Settlement Fund after the deduction of the fees and expenses previously awarded and requested herein (the "Net Settlement Fund") to the Class Members whose claims have been accepted as listed on the computer printout of accepted claims submitted with the Cirami Affidavit in proportion to their Recognized Claims as shown therein. See Ex. C to the Janvrin Aff.

It is also respectfully requested that the Court bar any further claims against the Net Settlement Fund and release and discharge from any and all claims beyond the amount allocated to them arising out of the claims administration, all persons involved in the review, verification,

calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund be released and discharged from any and all claims arising out of such involvement beyond the amount allocated to them.

**DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE**

It may be expected that not all of the payments to be distributed to accepted Class Members will be cashed promptly. In order to encourage Class Members to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, we propose that all the distribution drafts bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE]."

The Plan of Allocation for the Net Settlement Fund set forth in the Notice provides that payments will be distributed to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. In order to allow a final distribution of any balance that may remain in the Settlement Fund after the initial distribution, whether by reason of returned funds, tax refunds, interest, uncashed drafts, or otherwise, the Plan of Allocation also provides that any funds that remain in the Net Settlement Fund one year after the initial distribution shall be re-distributed to Class Members who have cashed their payments and who would receive at least $10.00 from such re-distribution. If after six months following such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Counsel.

The Final Order approved the Plan of Allocation and directed Plaintiffs' Co-Lead Counsel and the Claims Administrator to administer the Stipulation in accordance with its terms and provisions.

**THE ORDER FOR DISTRIBUTION OF CLASS SETTLEMENT FUND SHOULD BE APPROVED**

Plaintiffs submit that the work performed by Plaintiffs' Lead Counsel in connection with the administration of the Settlement, and the work performed by GCG, as explained above, were conducted fairly and in accordance with the terms and provisions of the Stipulation. Accordingly, Plaintiffs have moved for an Order (a) approving the administrative determinations of GCG accepting and rejecting claims submitted herein; (b) directing payment to GCG for the balance of its fees and expenses incurred and to be incurred in connection with the administration of the Settlement; (c) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted; and (d) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund.

**CONCLUSION**

Plaintiffs' Motion for Distribution of Class Settlement Fund should be approved.

Dated: Providence, Rhode Island
June 13, 2005

Respectfully Submitted,

Barry J. Kusinitz (No. 1404)
155 South Main Street, Suite 405
Providence, Rhode Island 02903
Telephone: (401) 831-4200
Facsimile: (401) 831-7053

Liaison Counsel for Plaintiffs

Deborah Clark-Weintraub, Esq.
**MILBERG WEISS BERSHAD & SCHULMAN LLP**
One Pennsylvania Plaza
New York, New York 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

**Lead Counsel for Plaintiffs**

Gregory M. Nespole, Esq.
Katherine B. DuBose, Esq.
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

Stuart L. Berman, Esq.
Michael K. Yarnoff, Esq.
**SCHIFFRIN & BARROWAY, LLP**
Three Bala Plaza East, Suite 500
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**Members of Plaintiffs' Executive Committee**

**Certification**

I hereby certify that I sent a copy of the foregoing to Jeffrey C. Schreck, Esq., One Providence Washington Plaza, Fifth Floor, Providence, RI 02903 and Gregg Shapiro, Esq., Mitchell Kaplan, Esq., Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, MA 02109; by regular mail, postage prepaid, on this 13th day of June, 2005.

______________________